UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

SHANNON COSTRINO,

                              Plaintiff,

                                                    DECISION AND ORDER
          v.                                        05-CV-219A

JO ANNE B. BARNHART,
Commissioner of Social Security,

                              Defendant.

═══════════════════════════════


## INTRODUCTION

          Plaintiff Shannon Costrino commenced the instant action pursuant to 42 U.S.C. § 405(g), on March 29, 2005, seeking review of a final determination of the defendant, Jo Anne Barnhart, the Commissioner of Social Security (the "Commissioner"), disallowing plaintiff's claim for disability insurance benefits under the Social Security Act.  Plaintiff claims to be disabled as a result of various mental impairments, including anxiety, depression and panic disorders.

          For the reasons stated herein, the Court finds that the plaintiff is not entitled to benefits because substantial evidence in the record demonstrates that she is not disabled within the meaning of the Social Security Act.  Therefore, the Commissioner's decision must be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for Social Security disability insurance

benefits on December 27, 2002.  (R. 41-44).[1]  A hearing was held via video

conference before Administrative Law Judge Guy Arthur on June 14, 2004.  (R.

433-60).  Plaintiff and Dr. James M. Ryan, an impartial vocational expert,

appeared and testified at the hearing.  Id.  At the hearing, plaintiff voluntarily

amended her alleged onset date to December 27, 2002.  (R. 40, 438-39).  ALJ

Arthur evaluated plaintiff's claim of disability de novo, and on October 1, 2004

found that she was not disabled.  (R. 8-20).  On November 8, 2004, plaintiff

requested that the Appeals Council review the ALJ's decision.  (R. 7, 431-32).

On February 25, 2005, the Appeals Council denied plaintiff's request for review

and, thus, the ALJ's decision became the final decision of the Commissioner. (R.

3-6).  Plaintiff timely commenced this action.

## DISCUSSION

This Court may set aside the Commissioner's decision only if it is

based upon legal error or her factual findings are not supported by substantial

evidence.  See 42 U.S.C. § 405(g).  The Supreme Court has defined the term

"substantial evidence," in the context of a Social Security case, as "more than a

---

[1]     "R." refers to the administrative record filed by the Commissioner as part of her
answer.

mere scintilla" and as that evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).

In order to establish disability under the Act, plaintiff has the burden of demonstrating (1) that she was unable to engage in substantial gainful activity by reason of a physical or mental impairment that could have been expected to last for a continuous period of at least twelve months, and (2) that the existence of such impairment was demonstrated by evidence supported by medically acceptable clinical and laboratory techniques.  <u>See</u> 42 U.S.C. § 1382c(a)(3); <u>see also</u> <u>Barnhart v. Walton</u>, 535 U.S. 212, 215 (2002).  Moreover, eligibility for Supplemental Security Income based upon disability is conditioned upon compliance with the income and resource requirements of 42 U.S.C. §§ 1382a and 1382b.

The Commissioner has established a five-step sequential evaluation for the adjudication of disability claims:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed.  If the claimant is not employed, the Secretary then determines whether the claimant has a severe impairment" that limits her capacity to work.  If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled.  However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform her past relevant work.  Finally, if the

claimant is unable to perform her past relevant work, the Secretary
determines whether the claimant is capable of performing any other
work.

See Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996);  20 C.F.R. § 416.920.  The

burden is on the claimant at the first four steps of the evaluation.  If the claimant

establishes that she is not capable of performing her past relevant work, then the

burden shifts to the Commissioner who must then determine whether the

claimant is capable of performing other work which exists in significant numbers

in the national economy.  Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986).

The ALJ applied the five-step analysis in reaching his disability

determination.  At the first step, the ALJ found that plaintiff had not engaged in

substantial gainful activity since her alleged onset of disability. (R. 12, 19).  At the

second step, the ALJ found that plaintiff's depressive disorder and panic disorder

with agoraphobia was a "severe" impairment.  Therefore, the ALJ proceeded to

step three of the sequential evaluation, and considered whether plaintiff had an

impairment, or combination of impairments, severe enough to meet or equal the

criteria of one of any listed impairments that the Commissioner presumes are so

severe as to preclude substantial gainful activity.  See 20 C.F.R. § 416.920(d),(e).

These impairments are found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The

ALJ found that plaintiff's severe impairment did not meet or equal the criteria

contained under the Listing of Impairments (Listings) of 20 C.F.R. Part 404,

Subpart P, Appendix 1. (R. 14-15, 19).

The ALJ then considered plaintiff's residual functional capacity (RFC) to determine whether she was capable of performing any of her past relevant work. 20 C.F.R. § 416.920(f).  In making this determination, he relied on the testimony of a vocational expert. See 20 C.F.R. § 416.966(e).  The ALJ determined that plaintiff was able to perform her past relevant work and therefore, was not disabled.

Plaintiff argues that the ALJ erred in determining that the she was not disabled.  She argues that he failed to properly consider the opinion of her treating psychiatrist, Dr. Bennett, who opined that she was not employable and had "marked" limitations in concentration, persistence, social interaction, and adaptive skills.

Contrary to plaintiff's contention, the ALJ carefully considered Dr. Bennett's February 2003 and February 2004 opinions but ultimately determined that they were not entitled to controlling weight because they were not well-supported by his treatment records and were inconsistent with the weight of the objective medical evidence of record. (R. 13, 16).  A medical opinion by a treating physician is to be accorded controlling weight only if it is well supported and is not inconsistent with the other substantial evidence in the record.  See 20 C.F.R. § 416.927(d); see also Snell v.Apfel, 177 F.3d 128, 133 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998).  The ALJ considered Dr. Bennett's February 2004 mental RFC, wherein he found that: (1)  plaintiff was moderately limited in her ability to understand, remember and carry out work-like procedures and to make simple work-related decisions; (2) her ability to carry out detailed instructions was "markedly limited," as well as her  ability to

5

sustain an ordinary routine without special supervision, work in coordination with and proximity to others, maintain concentration for extended periods, to perform activities within a schedule, or to complete a normal work week without interruptions from psychologically based symptoms; (3) her ability to interact appropriately with the general public, ask simple questions, maintain appropriate behavior, respond appropriately to changes in the workplace, be aware of hazards and take appropriate precautions was moderately limited; and (4) her ability to get along with coworkers, set realistic goals, accept instructions and respond appropriately to criticism from a supervisor, and travel via public transportation was markedly limited.  (R. 131-34).   He also noted that she tended to be easily overwhelmed and could not tolerate stress.  Id.

The ALJ found that Dr. Bennett's RFC assessment was not entitled to controlling weight because it was not well-supported by his own treatment records.  For example, his 2004 assessment found that plaintiff had a marked limitation in the area of social interaction.  However, his own treatment notes from April 2003 and July 2003 state that plaintiff consistently told Dr. Bennett that she was "starting to enjoy things" and had socialized with family members. (R. 137, 138).  Although, in February 2003, Dr. Bennett noted that plaintiff told him that she felt isolated and did not go out very often, she qualified her statement by indicating that she lived in an area with no public transportation and did not have a driver's license. (R. 93, 139).

Dr. Bennett also found marked limitations in concentration, persistence, and adaptive skills.  However, plaintiff made no such complaints and Dr. Bennett's treatment notes include no supportive findings. (R. 92-93, 135-39).  In fact, his

treatment records reflect that plaintiff's anxiety and depression had steadily improved, she had no homicidal or suicidal ideations, no hallucinations or delusions, and no psychotic symptoms. (R. 93, 135-39).  In July 2003, he noted that her "[m]ood and anxiety fluctuate a bit but overall are under good control."  (R. 137).

The ALJ also found that the Dr. Bennett's assessment was also inconsistent with the weight of the objective medical evidence of record. Notably, Dr. Bennett's opinion was contrary to the opinions of Dr. Harding and Dr. Sharma, plaintiff's only other examining sources during the relevant period.  For instance, Dr. Sharma, a consultative psychologist, assessed normal speech, clear sensorium, full orientation, average intellectual functioning, and fair insight and judgment. (R. 99; see R. 13). Dr. Sharma found that plaintiff's memory, attention, and concentration were intact.  Id.  Dr. Sharma found that plaintiff had the ability to perform simple work tasks in a supportive environment where she did not have to interact with a large number of people. (R. 13, 100).

Likewise, Dr. Harding, a State agency psychological consultant, determined that  plaintiff was, at most, only moderately limited in the areas of concentration, persistence, adaptive skills, and social interaction. (R. 16-17, 111-13). Dr. Harding opined that plaintiff's psychiatric-related limitations were in the mild to moderate range, and that she could perform unskilled work. (R. 15).  The ALJ reasonably relied on Dr. Harding's assessment  (R. 16-17). See 20 C.F.R. § 416.927(f)(2).  The regulations permit the opinions of non-examining sources to override the opinion of a treating physician provided that the opinion of the non-

examining source is supported by evidence in the record.  See Diaz v. Shalala, 59 F.3d 307, 313 n. 5 (2d Cir. 1995).  Here, Dr. Harding's assessment was supported by plaintiff's medical records and Dr. Sharma's opinion.

The ALJ also noted that, despite her impairments, the plaintiff was able to perform daily household activities, prepare meals, shop, cook, clean, wash dishes, do laundry and take care of children.  (R. 16).  He also found that her allegations of limiations due to her symptoms were exaggerated and inconsistent with the medical reports.  The Commissioner has the discretion to evaluate the credibility of a claimant's testimony and render an independent judgment in light of the medical findings and other evidence regarding the true extent of such symptomatology.  Mimms v. Secretary of Health and Human Services, 750 F.2d 180, 186 (2d Cir. 1984).  Moreover, the credibility of the testimony of a claimant is a matter within the sole province of the Commissioner, as trier of fact, to determine.  Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983); see also Gernavage v. Shalala, 882 F. Supp. 1413, 1419 n.6 (S.D.N.Y. 1995)(citations omitted) (deference should be accorded ALJ's determination because he heard plaintiff's testimony and observed his demeanor).

In light of the foregoing, the Court finds that the ALJ properly declined to accord Dr. Bennett's assessment controlling weight, and his decision that the plaintiff is not disabled is supported by substantial evidence.

**CONCLUSION**

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings and denies the plaintiff's motion for judgment on the pleadings.  The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: January 23, 2007